UNITED STATES OF AMERICA

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| UNITED STATES | DOCKET NO. 04-cr-10014-02 |
|---|---|
| VERSUS | |
| | JUDGE DEE D. DRELL |
| DESMOND FLEMING | MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is a letter motion to correct sentence ("motion") filed on July 25, 2007, pursuant to 28 U.S.C. §2255 by petitioner Desmond Fleming ("Fleming") (Doc. Item 84). Fleming is contesting the sentence and judgment entered pursuant to his guilty plea in the United States District Court in the Western District of Louisiana, Alexandria Division on one count of selling, distributing or dispensing narcotics. Fleming was sentenced to 120 months in the custody of the Bureau of Prisons.[1]

RULE 8(a) Resolution

The court is able to resolve the merits of this Section 2255 application without the necessity of an evidentiary hearing because there is no genuine issue of material fact that is relevant to the claims of the petitioner, and the court records provide the

---

[1] On April 21, 2008 the district judge denied a motion to reduce Fleming's crack cocaine sentence pursuant to 18 U.S.C. §3582 on the basis that the statutory provisions require a mandatory minimum sentence (Doc. Item 85).

required and adequate factual basis necessary to the resolution of the Section 2255 application.  U.S. v. Green, 882 F.2d 999, 1008 (5th Cir. 1989), 28 U.S.C. §2255, Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

### Law and Analysis

There are four grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or, (4) the sentence is "otherwise subject to collateral attack". 28 U.S.C. §2255; United States v. Cates, 952 F.2d 149, 151 (5th Cir. 1992), cert. denied 504 U.S. 962, 112 S.Ct. 2319, 119 L.Ed.2d 238 (1992).  The scope of relief under Section 2255 is consistent with that of the writ of habeas corpus.  Cates, 952 F.2d at 151.  Also, U.S. v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).

In the instant case, Fleming filed a motion seeking to correct his sentence and arguing that his 120 month sentence exceeds the guideline range which should have been applied to his case, 87 to 108 months.

A prisoner incarcerated by order of a federal court has one year to file a motion to vacate, set aside or correct sentence under 28 U.S.C. §2255. Section 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from

the latest of-

>   (1) the date on which the judgment of conviction becomes final;
>
>   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or,
>
>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The Fifth Circuit Court of Appeals has not directly addressed the issue of a when a judgment of conviction becomes final in the case of a federal criminal defendant who has not sought an appeal. The Court has, however, determined in cases where the criminal defendant timely sought direct appeal that "the conviction becomes final, and the one-year period begins to run, upon expiration of the time for seeking certiorari in the U.S. Supreme Court, even where...the appellant has not actually filed such a petition." United States v. Gamble, 208 F.3d 536 (5th Cir. 2000).

Other Courts of Appeals, specifically the Second, Sixth and Third Circuits, have held that in a case where the criminal defendant has not appealed his conviction, such conviction is considered final when the time for filing the direct appeal

expires.  Moshier v. U.S., 402 F.3d 116, 118 (2nd Cir. 2005); Sanchez-Castellano v. U.S., 358 F.3d 424, 428 (6th Cir. 2004); Kapral v. U.S., 166 F.3d 565, 577 (3rd Cir. 1999).

In the instant case, Fleming was sentenced and judgment was entered on October 19, 2005 (Doc. Items 72, 73).  Under Rule 4(b)(1)(A)(I) of Appellate Procedure, Fleming had ten (10) days from the entry of judgment to file his notice of appeal; however, Fleming never filed a notice of appeal.  Thus, under the reasoning of Moshier, Sanchez-Castellano and Kapral, the judgment would have become final on November 2, 2005,[2] the last day he could have directly appealed his sentence.

Under the reasoning set forth in U.S. v. Gamble, Fleming would have had another ninety (90) days within which to file for writs of certiorari to the Supreme Court.  Thus, his judgment of conviction would have become final on January 31, 2006.

Regardless of which line of cases one evaluates the instant case, Fleming's motion is untimely.  At the latest, he would have had to file his Section 2255 motion on or before January 31, 2007.  However, he did not file the motion until July 25, 2007.

Fleming states only that the district judge miscalculated the sentence.  He does not allege that there was an impediment to making the motion or that the government prevented him from doing

---

[2] Pursuant to Federal Rule of Appellate Procedure 26, this date was calculated excluding Saturdays and Sundays.  No legal holidays fell during this time period.

so. Further, his motion is not based on facts or rights not readily available at the time he entered his plea. Accordingly, none of the exceptions which would prolong the time period in which he could file his motion apply in Fleming's case. As such, his motion is barred by the one year statute of limitations and should be dismissed.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Fleming's letter motion to correct sentence be DISMISSED.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from the service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections with **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON THE GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana on this 11th day of June, 2008.

	                                                                                          _____
	                                                                                          JAMES D. KIRK
	                                                                                          UNITED STATES MAGISTRATE JUDGE